## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN DAVID PRICE, | ) | FILED AUG 1 '02 PM 2:28 USDC ALS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: 02-0146-BH-M |
| | ) | |
| WILLIAM H. GRANT, M.D. and, | ) | |
| JACKSON MEDICAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

### SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff, John David Price, and his Complaint against William H. Grant, M.D. and Jackson Medical Center as follows:

### COUNT ONE

1. On or about the 27TH day of January, 2000, the Defendant, William H. Grant, M.D. undertook to treat the Plaintiff, John David Price, for a fall that the Plaintiff suffered resulting in closed head trauma at Jackson Medical Center in Jackson, Alabama.

2. In treating the Plaintiff, the Defendant Grant failed to provide the Plaintiff with the professional medical services, care and treatment that a physician within the medical community possessing and exercising ordinary and reasonable medical knowledge and skills would have provided following a fall from approximately six (6) feet onto the Plaintiff's head.

3.     Plaintiff was attempting to enter his truck at work when he fell approximately six (6) feet unto a concrete floor landing on his head.

4.     Plaintiff was taken to the Jackson Medical Center in Jackson , Alabama for treatment.

5.     While in the Jackson Medical Center, Plaintiff was seen and treated by the Defendant, William H. Grant, M.D..

6.     Defendant ordered that Plaintiff be placed under observation and ordered a CT scan.

7.     The CT scan was performed but was not reviewed by a radiologist.

8.     Plaintiff was released after only six (6) hours of observation, although Plaintiff still complaining of a headache and loss of hearing.

9.     On or about February 2, 2000 Plaintiff was admitted, by Dr. W.B. Faircloth, M.D., into the Intensive Care Unit at Providence Hospital in Mobile, Alabama and received steriod treatment to stop the bleeding which was occurring internally as a result of the trauma to his head.

10.     Plaintiff was released from Providence Hospital on or about February 6, 2000.

11.     Defendant's failure to provide Plaintiff with the professional medical services, care and treatment that a physician within the medical community possessing and exercising ordinary and reasonable knowledge and skills would have provided was negligence and/or wantonness.

12.     As a proximate result of the Defendant's said negligence and/or wantonness, Plaintiff was caused to suffer the following injuries and damages:

    (a) continuing severe headaches;

(b) to incur expenses for medicine and physician's fees and hospital charges;

(c) lost wages;

(d) great pain and suffering; and

(e) mental anguish and/or emotional distress.

13.    Plaintiff claims punitive damages of the Defendant because of the Defendant's

wanton conduct.

## COUNT TWO

14.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs 1-13 if this Complaint as if fully set forth herein.

15.    In treating the Plaintiff, Defendant Jackson Medical Center failed to provide

Plaintiff with the professional medical services, care and treatment that a health

care provider within the medical community possessing and exercising ordinary

and reasonable medical knowledge and skills would have provided in that

Defendant Jackson Medical Center failed to adequately supervise the actions of

Defendant William H. Grant, M.D. in regard to his treatment of the Plaintiff.

16.     The above described conduct constitutes negligent and wanton supervision on the

part of Jackson Medical Center of Defendant William H. Grant, M.D. and said

conduct is of such wantonness as to allow for punitive damages.

17.    As a proximate result of the Defendant Jackson Medical Center said negligence

and/or wantonness  Plaintiff was caused to suffer the following injuries and

damages:

(a) continuing severe headaches;

(b) to incur expenses for medicine and physician's fees and hospital charges;

(c) lost wages;

(d) great pain and suffering; and

(e) mental anguish and/or emotional distress.

WHEREFORE, above premises considered, Plaintiff demands judgment against the Defendant, Jackson Medical Center for compensatory and punitive damages in an amount in excess of the jurisdictional limits of this Court, plus reasonable attorneys' fees, interest and costs. Further, Plaintiff demands any other or different relief to which this Court finds that Plaintiff may be entitled.

**WHEREFORE**, Plaintiff demands judgment against Defendant for a just and adequate amount of damages, plus costs.

Respectfully Submitted,

WILLIE J. HUNTLEY, JR. (HUN009)
Attorney for Plaintiff, John David Price

OF COUNSEL:

THE HUNTLEY FIRM
Post Office Box 370
Mobile, Alabama 36601
(251) 434-0007
(251) 434-0086-fax

**PLAINTIFF DEMANDS A
TRIAL BY JURY**

PLEASE SERVE THE DEFENDANT AT THE FOLLOWING:

Jackson Medical Center
226 Hospital Drive
Jackson, Alabama 36545

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document on the following, by placing the same in the United States mail, properly addressed and first class postage pre-paid, on this the 3rd day of July, 2002.

Wesley Pipes, Esq.
WESLEY PIPES, LLC
Post Office Box 249
Mobile, Alabama 36601


OF COUNSEL